BROWN, C.J.,
dissents.
IjThe majority reasons that the “removal of the freezer to hide or tamper with the fingerprint” was unrelated in time and a different offense. In this case, a killing occurred and the body was moved from the scene into an abandoned and inoperable freezer.' The effort to dispose of the body was unsuccessful as the freezer was found. The body and a fingerprint in the victim’s blood was recovered from • the freezer. The fingerprint was evidence to connect soméone to the murder. The investigation stalled as law enforcement had *737 no match to the print. The fingerprint was not tampered with. Nor was the freezer removed — it apparently was lost.
Years later, when defendant was arrested on another charge, a match was made to the fingerprint. Defendant was indicted for first degree murder; this charge was later amended to second degree murder. Both murder charges were, timely filed-there are no time limitations for institution of prosecution for the murder charges. A trial date was set and the state amended the indictment to charge obstruction of justice.
Under La. C. Cr. P. art 576, the state was entitled to dismiss the prosecution before the first witness was sworn at trial and to reinstitute prosecution for the same charge or a lesser charge based on the same facts within six months of dismissal. In the case sub judice, the dismissal and amended charge were done at the same time.
The obstruction of justice offense was based upon and occurred simultaneously with the murder. The obstruction \yas the attempt to dispose [2of the body,, I would distinguish the ease relied on by the majority, State v. Powers, and would affirm the trial court.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, MOORE, LOLLEY and PITMAN, JJ.
Rehearing denied.
BROWN, J., would grant rehearing.”"